UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA WILLIAMS,<br><br>*Plaintiff*,<br><br>v.<br><br>DREYFUSS MANAGEMENT LLC,<br><br>*Defendant*. | Civil Action No. 25 - 4131 (UNA) |

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff Cynthia Williams's application to proceed *in forma pauperis*, ECF No. 2, and pro se complaint, ECF No. 1. For the reasons explained below, the court will grant Ms. Williams's application and dismiss the complaint without prejudice.

Complaints filed by pro se litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Still, pro se litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint include: (1) "a *short* and *plain* statement of the grounds for the court's jurisdiction," (2) "a *short* and *plain* statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3) (emphases added). These rules ensure that defendants have "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Ms. Williams's complaint falls short of Rule 8's pleading standards. She alleges that she was beaten by an employee of Dreyfuss Management, which appears to be her property manager. ECF No. 1, at 4.[1] As a result, she has been "unable to sleep properly" and does not "feel safe when leaving [her residence]." *Id.* She also claims to hold a "fake lease" and seeks a subpoena against Dreyfuss Management for her "original contract." *Id.* Ms. Williams's disjointed and illegible pleadings make it "nearly impossible to discern the essential facts that underlie [her] legal claims." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 415 (D.D.C. 2017), *aff'd sub nom.*, *Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). She does not allege facts stating how Dreyfuss Management wronged her "in an organized and succinct manner," *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014), nor does she explain the basis for the significant amount of damages she seeks, *see* ECF No. 3, at 1 (requesting a "new sum of 10 million dollars for [her] pain and suffering").

Ms. Williams's other filings, which the court construes as supplemental pleadings, are also difficult to parse. *See* ECF Nos. 3, 4. She alleges that she recently encountered "staff watering [her] apt," ECF No. 3, at 1, and she attaches miscellaneous documents—including portions of a settlement agreement, domestic violence petitions, and email exchanges between attorneys, *see id.* at 4-58—without explaining their relevance to her claims; *see also* ECF No. 4, at 1 (naming a different company as the defendant in this case). In sum, her "confused and rambling narrative of

---

[1] When citing Ms. Williams's filings, the court refers to the CM/ECF-generated numbers at the top of each page rather than any internal pagination.

charges and conclusions," *Cheeks*, 71 F. Supp. 3d at 169 (quoting *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977)), fails to provide Dreyfuss Management notice of the claims against it.[2]

Accordingly, the court will grant Ms. Williams's application to proceed *in forma pauperis*, ECF No. 2, and dismiss the complaint without prejudice, ECF No. 1. A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   February 10, 2026

---

[2] The court notes that Ms. Williams recently pursued a similar case against Dreyfuss Management in this court, which was also dismissed for failure to comply with Rule 8. *See Williams v. Dreyfuss Mgmt.*, No. 23-CV-3028, 2025 WL 3073697, at *1-2 (D.D.C. Nov. 4, 2025). "Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are . . . subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e)." *Sturdza v. United Arab Emirates*, No. 09-CV-699, 2009 WL 1033269, at *1 n.2 (D.D.C. Apr. 16, 2009).